R. LAUGHTER, plaintiff in error, vs. JOHN BUTT, adm'r, &c., defendant in error.

When the plaintiff in trover begins his petition thus: A. B., administrator &c. of &c., and tenders his letters as his authority to bring the action, if it be not a suit by him, as administrator, (as for myself, I hold it is,) it is clearly amendable, so as to make it such, by prefixing as often as may be necessary, the potent little monosyllable *as*.

Trover, and amendment of declaration, from Union county. Decided by Judge RICE, November Term, 1857.

This was an action of trover, brought by Butt, administrator, &c., against Robert Laughter. The declaration ran in this form: "The petition of John Butt, administrator on all and singular the goods and chattels, lands and tenements, rights and credits that were of Robert C. Laughter, late of said county, deceased, who brings here into Court his letters of administration, and sheweth his authority to sue," &c. It then went on to set out the property sued for, and its value, &c., and the latter part of the declaration proceeded: "to which your petitioner claims title."

The plaintiff moved to amend his declaration by inserting in the early part of it after the words "to sue," "which said letters of administration were granted by the Court of Ordinary of said county." He also moved to amend it by inserting in the latter part, after the word "title," "as such administrator as aforesaid."

Leave was granted to the plaintiff, by the Court, to amend his declaration in these two particulars.

The defendant then filed his bill of exceptions saying, that he Court erred in allowing the plaintiff so to amend his declaration.

MARTIN, for plaintiff in error.

PHILLIPS ; MILNER ; CHISHOLM & WOFFORD, for defendants in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

We affirm the judgment of the Court below, allowing the declaration in this case to be amended.

The plaintiff, by tendering his letters of administration as his authority to sue for this property, shows clearly that he claimed it as the property of his intestate, and not in his individual right. The most that can be said then is, that the writ shows a good cause of action, defectively set out. Perhaps, under the strict rules of English pleading, the declaration was amendable ; clearly so under the Judiciary Act of 1799, and the statute of 1818 ; and certainly and most unquestionably so under the broad provision of the *great Act* of 1853–1854.

Judgment affirmed.